Park & Sim Global Law Group, LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel:    (718) 445-1300
Fax:    (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS RIVERO, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED,<br><br>          Plaintiffs,<br><br>     v.<br><br>IMPERIAL COMMERCIAL CLEANING, INC., DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA, and JAIRO VELASQUEZ, Jointly and Severally,<br><br>          Defendants. | Case No.: 1:18-cv-1248<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, **LUIS RIVERO** (hereinafter, "Plaintiff"), individually and on behalf of all other collective persons similarly situated including current and former employees of the Defendants (hereinafter, "FLSA Collective Plaintiffs" and collectively with Plaintiffs, the "Plaintiffs"), by and through their undersigned attorneys, **PARK & SIM GLOBAL LAW GROUP, LLP**, hereby file this Complaint against Defendants **IMPERIAL COMMERCIAL CLEANING, INC., DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

4

PS0027

## INTRODUCTION

1.   Plaintiff was an employee of Defendants **IMPERIAL COMMERCIAL CLEANING, INC., DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA** and **JAIRO VELASQUEZ.**

2.   Plaintiff's claims are based on the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA") and the New York Labor Law §§1190 and 650 *et seq.* and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §146, by which the Plaintiff seeks damages for overtime pay including applicable liquidated damages, interest, attorneys' fees and costs.

3.   Upon information and belief, **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA** and **JAIRO VELASQUEZ,** serve or served as owner, manager, principal or agent of Defendant Corporation and through its corporate entity operated construction/design service business.

4.   At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of forty (40) hours per week without receiving the appropriate compensation for the hours over forty (40) hours per week that he worked.

5.   Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

6.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other similarly situated employees to work in excess of forty (40) hours per week without providing them with appropriate overtime compensation required by State and Federal law and regulations.

5

PS0027

7.    The Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over the state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C §1367.

9.    Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 since the Plaintiff resides in the County of Queens, New York.

## THE PARTIES

10.  Plaintiff, **LUIS RIVERO**, was and still is, a resident of the County of Queens, City and State of New York.  He resides at 25-14 96 Street, Queens, New York 11369.

11.  Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** was and still is, a domestic business corporation organized under the laws of New York, with a principal place of business located at 21A Edison Ave, West Babylon, New York 11704.

12.  Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** was and still is, a foreign corporation authorized to do business in the State of New York.

13.  Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** was and still is, a foreign corporation doing business in the State of New York is otherwise subject to the jurisdictions of the Courts of the State of New York pursuant to CPLR Section 302 and the case law hereunder.

14.  Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

6

PS0027

15. Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** does and/or solicits business within the State of New York.

16. Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** derives substantial revenues from goods used or consumed or services rendered in the State of New York.

17. Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** derives substantial revenues from interstate or international commerce.

18. Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** was and still is, a duly organized partnership existing and doing business under the laws of the State of New York.

19. Defendant, **IMPERIAL COMMERCIAL CLEANING, INC.,** was and still is, a duly organized proprietorship existing and doing business under the laws of the State of New York.

20. Upon information and belief, Defendant **DAVID FELDMAN,** is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **IMPERIAL COMMERCIAL CLEANING, INC.** and is responsible for the labor law compliance by Defendant **IMPERIAL COMMERCIAL CLEANING, INC.,** as well as legal compliance generally.

21. Defendant **DAVID FELDMAN,** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant **DAVID FELDMAN,** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

7

PS0027

23. Upon information and belief, Defendant **JEFFREY KRINICK,** is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **IMPERIAL COMMERCIAL CLEANING, INC.** and is responsible for the labor law compliance by defendant **IMPERIAL COMMERCIAL CLEANING, INC.,** as well as legal compliance generally.

24. Defendant **JEFFREY KRINICK,** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

25. Defendant **JEFFREY KRINICK,** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26. Upon information and belief, Defendant **TOBIAS SILVA,** is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **IMPERIAL COMMERCIAL CLEANING, INC.,** and is responsible for the labor law compliance by Defendant **IMPERIAL COMMERCIAL CLEANING, INC.,** as well as legal compliance generally.

27. Defendant **TOBIAS SILVA,** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28. Defendant **TOBIAS SILVA,** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

PS0027

29. Upon information and belief, Defendant **JORGE GARCIA**, is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **IMPERIAL COMMERCIAL CLEANING, INC.,** and is responsible for the labor law compliance by Defendant  **IMPERIAL COMMERCIAL CLEANING, INC.,** as well as legal compliance generally.

30. Defendant **JORGE GARCIA**, possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

31. Defendant **JORGE GARCIA**, determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

32. Upon information and belief, Defendant **JAIRO VELASQUEZ**, is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **IMPERIAL COMMERCIAL CLEANING, INC.** and is responsible for the labor law compliance by Defendant **IMPERIAL COMMERCIAL CLEANING, INC.,** as well as legal compliance generally.

33. Defendant **JAIRO VELASQUEZ**, possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

34. Defendant **JAIRO VELASQUEZ**, determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

9

PS0027

35.    The Defendants participated in the day-to-day operations of the business and acted intentionally and maliciously and are "employers" pursuant to the New York Labor Law Sec. 2 and the regulations thereunder, as well as the FLSA, 29 U.S.C. §203 (d) and regulations promulgated thereunder, 29 C.F.R. §791.2, and are jointly and severally liable with the Corporate Defendant.

36.    The Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

37.    Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

38.    Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated employees') employees within the meaning of the New York Labor Law and the 29 U.S.C. 201, *et seq*.

39.    In the alternative, Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

40.    Upon information and belief, each individual defendant operates Defendant Corporation as either an alter ego of himself/herself, and/or fail to operate Defendant Corporation as a legal entity separate and apart from himself/herself by, among other things:

      (a)    Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

10

PS0027

      (b)      Defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

      (c)      Transferring assets and debts freely as between all Defendants;

      (d)      Operating Defendant Corporation for their own benefit as the sole or majority shareholders;

      (e)      Operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

      (f)      Intermingling assets and debts of their own with Defendant Corporation;

      (g)      Diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

      (h)      Other actions evincing a failure to adhere to the corporate form.

41. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

42. The Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

43. The Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16 (b), 29 U.S.C. § 216 (b), on behalf of themselves and all other similarly situated non-exempt employees within the meaning of the FLSA and New York Labor Law, who were currently and formally employed by Defendants on or after the date that is three or six years before the filing of the Complaint in this case as defined herein and under the New York Labor Law §§1190 and 650 *et seq.* and "overtime wage order" respectively codified at N.Y.C.R.R. Tit.

PS0027

12 §146, including applicable liquidated damages, interest, attorneys' fees and costs ("FLSA Collective Plaintiffs").

44.  At all relevant times, the Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

45.  This collective action class is so numerous that joinder of all members is impracticable, and they would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

46.  The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

47.  At all relevant times, Defendants have been in the business of selling produce and grocery items. Defendants currently own and operate a company that provides services of including but not limited to handling, processing, sales, shipping and delivering of produce and other grocery items.

PS0027

48. According to the New York Department of State-Division of Corporations filings, **JEFFREY KRINICK** is the Chief Executive Officer of **IMPERIAL COMMERCIAL CLEANING, INC.**

49. On or about March 2005, Plaintiff, **LUIS RIVERO** was hired by Defendants and/ or their predecessors, as applicable, to work as a delivery man with a title of Facility and Account Technician until the end of his employment which was on or about June2, 2017.

50. Since the beginning of Plaintiff **LUIS RIVERO's** employment with the Company, the Company knew that Plaintiff's immediate family lived in Pennsylvania. Plaintiff worked in the New York City area and stayed with friends during the work week.

51. Plaintiff made it known that at all times starting from the commencement of his employment by the Defendants that he could not work on Saturdays and Sundays because he needed to be in Pennsylvania with his families on those days. This was known and understood by the Company from the very beginning.

52. From the commencement of employment until the end of Plaintiff's employment on June 2, 2017, the Plaintiff worked well in excess of forty (40) hours per week, over ten (10) hours per day, five (5) days a week, including holidays.

53. Plaintiff's duties included but were not limited to driving, loading items into the truck, unloading items off delivery truck, deliveries, maintaining records of deliveries made to the banks and assisting clients.

54. At all relevant periods of his employment, he was paid with the rate of pay that was supposed to be payment for forty (40) hours per week. The Plaintiff, upon information and belief, and the Collective Plaintiffs were not paid any overtime premiums for work in excess of forty (40) hours per week.

PS0027

55.  Plaintiff **LUIS RIVERO** was not given a lunch break.

56.  On or about June of 2015, Plaintiff, **LUIS RIVERO** asked Defendant **JEFFREY KRINICK** for health care coverage since Plaintiff had been working for the company for many years and he was not given health insurance benefits although every employee in the Company received health insurance benefits. Plaintiff was told by Defendant **JEFFREY KRINICK** that the Company would not provide health insurance benefits to Plaintiff because health insurance coverage would be too expensive for him due to his age.  This was the reason that was given to Plaintiff by Defendant **JEFFREY KRINICK**.

57.  From the beginning of his employment period until the end of his employment period, Plaintiff's wages were accompanied with paystubs, rates of pay, or any other payment information but it did not reflect his hours worked.

58.  Plaintiff was not compensated at the statutory minimum wage for much of his employment or provided overtime premiums for all hours worked in excess of forty (40) hours per week.

59.  Throughout Plaintiff's employment period, Plaintiff frequently worked in excess of ten (10) hours per day, yet Defendants failed to pay the spread of hour premiums.

60.  At no point during **LUIS RIVERO's** employment did he ever receive a wage notice showing his hourly or overtime rate.

61.  At all relevant times, the Plaintiff worked and performed his services for and under the control and direction of the Defendants.

62.  It is understood that for all relevant periods, the per week rate of pay was supposed to be payment for forty (40) hours per week. The Plaintiff and upon information and

belief, the Collective Plaintiffs, were not paid any overtime premiums for work in excess of forty (40) hours per week.

63.   Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs the New York State overtime rate (of time and one-half) and the FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) for work performed in excess of forty (40) hours per week.

64.   Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

65.   Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

66.   The work performed by Plaintiff required little skill and no capital investment.

67.   Upon information and belief, throughout all relevant time periods and during the course of the Plaintiffs' employment and while the Defendants employed the Plaintiffs, Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

68.   On or about February 2017, Luis Rivero was the oldest driver/deliveryman employed in the Company.

69.   On or about February 2017, Defendants **JORGE GARCIA** and **JAIRO VELASQUEZ** informed Plaintiff **LUIS RIVERO** that he was too "old" for the job he had within the company and that the job was too physically demanding for him due to his age.

70.   Defendants **JORGE GARCIA and JAIRO VELASQUEZ** told Plaintiff **LUIS RIVERO** that he should quit and collect unemployment benefits.  They also told Plaintiff that if

he chose to quit and collect unemployment benefits, then Defendant **JAIRO VELASQUEZ** would assist him.

71.     Defendants **JORGE GARCIA** and **JAIRO VELASQUEZ** told Plaintiff **LUIS RIVERO** that there was a company meeting which all the managers and supervisors attended. During this meeting, they discussed the need for the company to hire "younger" people.  As such, Defendants **JORGE GARCIA** and **JAIRO VELASQUEZ** told Luis Rivero that he was too old for the job and that he should quit.

72.     Plaintiff **LUIS RIVERO** refused to quit from his job in **IMPERIAL COMERCIAL COMPANY**.

73.     From on or about February 2017 until the beginning of May 2017, Plaintiff **LUIS RIVERO** was treated differently than the other employees due to his age.  Plaintiff was aware that the Company wanted him to quit his job due to his age.

74.     In the beginning of on or about May 2017, Defendant **TOBIAS SILVA** called Plaintiff **LUIS RIVERO** into his office and told him directly that he needed to work Saturdays without pay even though Defendants knew that Plaintiff could not work on weekends because he would be in Pennsylvania with this family.  Defendant **TOBIAS SILVA** told Plaintiff that if he did not work Saturdays, then he would be fired from his job. However, the Company and Defendants knew that Plaintiff could not work on Saturdays because Plaintiff would be in Pennsylvania to be with his family.

75.     Plaintiff **LUIS RIVERO** informed Defendant **TOBIAS SILVA** that he could not work on Saturdays because he needed to be with his family.  Defendant responded by saying then quit your job and be with your family in Pennsylvania so that we can find a younger person to replace you.

PS0027

76. On or about the end of May 2017, there was another Company meeting in which all the employees were present, including Plaintiff **LUIS RIVERO**. Defendant **TOBIAS SILVA** specifically mentioned the Plaintiff and said to him during the meeting that he needed to be "stronger" and "work harder". He also mentioned that if he did not work on Saturdays, he would be fired.

77. On or about June 2, 2017, Defendant **JORGE GARCIA** approached Plaintiff **LUIS RIVERO** and told him that there was a meeting he needed to attend. Plaintiff learned that the meeting was with Defendant **TOBIAS SILVA** who was there with employee named "Connie" who works for Human Resources. Defendant told Luis Rivero that that was his last day and demanded the return of the keys and Company telephone and stated that they had already hired a replacement for him.

78. Defendant **TOBIAS SILVA** and "Connie" gave Plaintiff a Severance Agreement and General Release Contract Form. They kept insisting that Luis Rivero sign the documents in exchange for money.

79. Plaintiff **LUIS RIVERO** felt that he was being discriminated against because of his age and refused to sign the document.

80. On or about July 21, 2017, Plaintiff filed a claim in the U.S Equal Employment Opportunity Commission.

81. On or about November 29, 2017, Plaintiff received response letter from U.S Equal Employment Opportunity Commission requesting to fill out another form and attach "Particulars" describing the discriminating acts.

82. On or about December 26, 2017, Plaintiff sent response to U.S Equal Employment Opportunity Commission as per their request.

PS0027

83.    On or about January 3, 2018, Plaintiff received the Notice of Intent to Reconsider.

84.    On or about January 8, 2018, Plaintiff received Notice of Suit Rights stating Plaintiff has 90 days from receipt of the Notice to file the lawsuit.

85.    Plaintiffs retained Park & Sim Global Law Group, LLP to represent them and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

86.    Plaintiff realleges and reavers Paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.    At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

88.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

89.    Upon information and belief, at all relevant times, each of Defendants, **IMPERIAL COMMERCIAL CLEANING INC., DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** had gross revenues in excess of $500,000.00.

90.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

18

PS0027

91. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

92. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

93. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

94. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA. No notification, either in the form of posted notices or other means, was ever given to Plaintiffs regarding overtime and wages under FLSA.

95. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidate damages pursuant to the FLSA.

96. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

97. Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

PS0027

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

98.  Plaintiffs reallege and reaver Paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.  At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

100. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

101. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

102. Defendants never provided Plaintiff with written notice, in English and in Spanish, of their rate of pay, employer's regular pay day, and such other information as required by New York Labor Law 195 (1).

103. Defendants did not provide Plaintiff, and other similarly situated workers, with an accurate statement of wages with each payment of wages, as required by New York Labor Law 195(3). Defendants failed to provide Plaintiff and others similarly situated with correct wage statements at the time of payment of wages, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other gross wages; deductions; allowances, if any claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by New York Labor Law 195(3).

104. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

PS0027

105. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

106. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

107. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" Premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) AND NEW YORK STATE HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

108. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

109. At all relevant times, Defendants had a policy and practice of discrimination against employees over the age of forty years old.

110. Defendants treated Plaintiff less favorably because of his age.

111. The Defendants treated Plaintiff less favorably and denied health care benefits to Plaintiff due to this age.

112. The Defendants harassed Plaintiff by making offensive and derogatory comments, which were so frequent that it creates a hostile or offensive work environment or when it results in an adverse employment decision.

21

113. Defendants continuously, deliberately, consciously willfully, maliciously and forcefully terminated Plaintiff despite his performance for no reason other than his age.

114. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of his age by denying Plaintiff the same term and conditions of employment available to employees of younger age, including, but not limited to, terminating his employment on account of his age.

115. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the ADEA and NYSHRL, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## COUNT IV
## AIDING AND ABETTING VIOLATION OF ADEA AND NEW YORK STATE HUMAN RIGHT LAW AGAINST DEFENDANTS DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA, JAIRO VELASQUEZ

116. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

117. Defendants, **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** directly participated in the discriminatory conduct perpetrated against Plaintiff, including, but not limited to, the termination of Plaintiff's employment.

118. At all relevant times, Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** supervised Plaintiff **LUIS RIVERO** and/or had the ability to control the terms and conditions of his employment, including, but not limited to, the power to terminate Plaintiff's employment.

119. Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** knowingly or recklessly aided and abetted the

PS0027

unlawful discrimination against Plaintiff in violation of the NYCHRL, including, but not limited to, the termination of Plaintiff's employment on account of his age.

120. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, lost of past and future income for which Plaintiff is entitled to an award of damages.

121. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

122. Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ** unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff **LUIS RIVERO** is entitled to an award of punitive damages.

## COUNT V
## WRONGFUL TERMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

123. Plaintiff repeats and re-alleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

124. At all relevant times, Defendants had a policy and practice of refusing to provide equal protection for employees over the age of forty years old.

125. Defendants deliberately, consciously, willfully and maliciously perceived that when Plaintiff was the eldest employee in the company and close to retirement, Plaintiff would cause trouble by asking for the legal protection he deserves.

PS0027

126. During a period of need, Defendants cynically focused only upon their own immediate self-interest and failed to provide care and protection of the Plaintiff who is of older age.

127. Defendants continuously, deliberately, consciously willfully, maliciously and forcefully terminated Plaintiff despite his performance for no apparent reason other than his age.

128. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of his age, in violation of the NYCHRL by denying Plaintiff the same terms and conditions of employment available to employees under the age of forty, including, but not limited to, terminating his employment on account of his age.

129. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

130. Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ** unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff **LUIS RIVERO** is entitled to an award of punitive damages.

**COUNT VI**
**AIDING AND ABETTING IN THE VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AGAINST DEFENDANTS DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA, JAIRO VELASQUEZ**

131. Plaintiff repeats and re-alleges each and every allegation in all the preceding paragraphs as if fully set forth herein.

PS0027

132. Defendants, **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** directly participated in the discriminatory conduct perpetrated against Plaintiff, including, but not limited to, the termination of Plaintiff's employment.

133. At all relevant times, Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** supervised Plaintiff **LUIS RIVERO** and/or had the ability to control the terms and conditions of his employment, including, but not limited to, the power to terminate Plaintiff's employment.

134. Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ,** knowingly or recklessly aided and abetted the unlawful discrimination against Plaintiff in violation of the NYCHRL, including, but not limited to, the termination of Plaintiff's employment on account of his age.

135. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, lost of past and future income for which Plaintiff is entitled to an award of damages.

136. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

137. Defendants **DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA,** and **JAIRO VELASQUEZ** unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff **LUIS RIVERO** is entitled to an award of punitive damages.

PS0027

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the New York and the City of New York as well as the New York Labor Law and the FLSA;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the New York Labor Law and the FLSA in an amount to be determined at trial;

d.   An award of unpaid minimums wages due under the New York Labor Law and the FLSA in an amount to be determined at trial;

e.   An award of unpaid "spread of hours" premium due under the New York Labor Law in an amount to be determined at trial;

f.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

g.   An award of liquidated damages in an amount equal to 100% of their damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h.   An award of lost wages, benefits and other remuneration in an amount to be determined at trial;

i.   An award of punitive damages as a result of Defendants' gross, wanton or

PS0027

willful fraud, dishonesty and malicious wrongdoing;

j.   An award of statutory penalties, and prejudgment and post judgment interest;

k.   An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss for past and future income, wages, compensation, seniority, and other benefits of employment;

l.   An award of damages against Defendants , in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

m.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, earned bonus pay, reputational hard and harm to professional reputation, in an amount to be determined at trial;

n.   An award of punitive damages in an amount to be determined at trial;

o.   Pre-judgment interest on all amounts due;

p.   An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

q.   Such other and further relied as this Court deems just and proper;

PS0027

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues so triable as of right by jury.

Dated: February 22, 2018

Respectfully submitted,

Sang J. Sim, Esq. [ssim3467]
Park & Sim Global Law Group, LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel:    (718) 445-1300
Fax:    (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiffs and FLSA Collective
Plaintiffs*

PS0027