UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS RIVERO, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED,

                    Plaintiff,

          -against-

IMPERIAL COMMERCIAL CLEANING, INC., DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA, and JAIRO VELASQUEZ, Jointly and Severally,

                    Defendants.
------------------------------------------------------------------X

Case No.: 1:18-cv-1248

**ANSWER**

Defendants IMPERIAL COMMERCIAL CLEANING, INC., DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA, and JAIRO VELASQUEZ (the "Defendants"), by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to Plaintiff's Complaint (hereinafter the "Complaint"), set forth the following:

## INTRODUCTION

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint.

2. Defendants neither admit nor deny the allegations set forth in Paragraph "2" of the Complaint, as they consist of legal conclusions to which no response is required.

3. Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint.

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

6. Defendants deny the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants neither admit nor deny the allegations set forth in Paragraph "7" of the Complaint, as they consist of legal conclusions to which no response is required.

1

## JURISDICTION AND VENUE

8. Defendants neither admit nor deny the allegations set forth in Paragraph "8" of the Complaint, as they consist of legal conclusions to which no response is required.

9. Defendants neither admit nor deny the allegations set forth in Paragraph "9" of the Complaint, as they consist of legal conclusions to which no response is required.

## THE PARTIES

10. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants admit the allegations set forth in Paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in Paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants neither admit nor deny the allegations set forth in Paragraph "43" of the Complaint, as they consist of legal conclusions to which no response is required.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

## STATEMENT OF FACTS

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants neither admit nor deny the allegations set forth in Paragraph "48" of the Complaint and respectfully refer the Court to the document or documents referenced therein for its contents.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67. Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in Paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

76. Defendants deny the allegations set forth in Paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in Paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "79" of the Complaint.

80. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "80" of the Complaint.

81. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "81" of the Complaint.

82. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "82" of the Complaint.

83. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "83" of the Complaint.

84. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "84" of the Complaint.

85. Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph "85" of the Complaint.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

86. Defendants, in response to Paragraph "86" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "85" of this Answer as though fully set forth herein.

87. Defendants neither admit nor deny the allegations set forth in Paragraph "87" of the Complaint, as they consist of legal conclusions to which no response is required.

88. Defendants neither admit nor deny the allegations set forth in Paragraph "88" of the Complaint, as they consist of legal conclusions to which no response is required.

89. Defendants deny the allegations set forth in Paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in Paragraph "92" of the Complaint.

93. Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

94. Defendants deny the allegations set forth in Paragraph "94" of the Complaint.

95. Defendants deny the allegations set forth in Paragraph "95" of the Complaint.

96. Defendants deny the allegations set forth in Paragraph "96" of the Complaint.

97. Defendants deny the allegations set forth in Paragraph "97" of the Complaint.

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

98. Defendants, in response to Paragraph "98" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "97" of this Answer as though fully set forth herein.

99. Defendants neither admit nor deny the allegations set forth in Paragraph "99" of the Complaint, as they consist of legal conclusions to which no response is required.

100. Defendants deny the allegations set forth in Paragraph "100" of the Complaint.

101. Defendants deny the allegations set forth in Paragraph "101" of the Complaint.

102. Defendants deny the allegations set forth in Paragraph "102" of the Complaint.

103. Defendants deny the allegations set forth in Paragraph "103" of the Complaint.

104. Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

105. Defendants deny the allegations set forth in Paragraph "105" of the Complaint.

106. Defendants deny the allegations set forth in Paragraph "106" of the Complaint.

107. Defendants deny the allegations set forth in Paragraph "107" of the Complaint.

## COUNT III
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) AND NEW YORK STATE HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

108. Defendants, in response to Paragraph "108" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "107" of this Answer as though fully set forth herein.

109. Defendants deny the allegations set forth in Paragraph "109" of the Complaint.

110. Defendants deny the allegations set forth in Paragraph "110" of the Complaint.

111. Defendants deny the allegations set forth in Paragraph "111" of the Complaint.

112. Defendants deny the allegations set forth in Paragraph "112" of the Complaint.

113. Defendants deny the allegations set forth in Paragraph "113" of the Complaint.

114. Defendants deny the allegations set forth in Paragraph "114" of the Complaint.

115. Defendants deny the allegations set forth in Paragraph "115" of the Complaint.

## COUNT IV
### AIDING AND ABETTING VIOLATION OF ADEA AND NEW YORK STATE HUMAN RIGHT LAW AGAINST DEFENDANTS DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA JAIRO VELASQUEZ

116. Defendants, in response to Paragraph "116" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "115" of this Answer as though fully set forth herein.

117. Defendants deny the allegations set forth in Paragraph "117" of the Complaint.

118. Defendants deny the allegations set forth in Paragraph "118" of the Complaint.

119. Defendants deny the allegations set forth in Paragraph "119" of the Complaint.

120. Defendants deny the allegations set forth in Paragraph "120" of the Complaint.

121. Defendants deny the allegations set forth in Paragraph "121" of the Complaint.

122. Defendants deny the allegations set forth in Paragraph "122" of the Complaint.

## COUNT IV
### WRONGFUL TERMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AGAINST ALL DEFENDANTS

123. Defendants, in response to Paragraph "123" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "122" of this Answer as though fully set forth herein.

124. Defendants deny the allegations set forth in Paragraph "124" of the Complaint.

125. Defendants deny the allegations set forth in Paragraph "125" of the Complaint.

126. Defendants deny the allegations set forth in Paragraph "126" of the Complaint.

127. Defendants deny the allegations set forth in Paragraph "127" of the Complaint.

128. Defendants deny the allegations set forth in Paragraph "128" of the Complaint.

129. Defendants deny the allegations set forth in Paragraph "129" of the Complaint.

130. Defendants deny the allegations set forth in Paragraph "130" of the Complaint.

## COUNT V
## AIDING AND ABETTING IN THE VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AGAINST DEFENDANTS DAVID FELDMAN, JEFFREY KRINICK, TOBIAS SILVA, JORGE GARCIA JAIRO VELASQUEZ

131. Defendants, in response to Paragraph "131" of the Complaint, repeat and reallege each and every answer contained in Paragraphs "1" through "130" of this Answer as though fully set forth herein.

132. Defendants deny the allegations set forth in Paragraph "132" of the Complaint.

133. Defendants deny the allegations set forth in Paragraph "133" of the Complaint.

134. Defendants deny the allegations set forth in Paragraph "134" of the Complaint.

135. Defendants deny the allegations set forth in Paragraph "135" of the Complaint.

136. Defendants deny the allegations set forth in Paragraph "136" of the Complaint.

137. Defendants deny the allegations set forth in Paragraph "137" of the Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

138. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

139. Some or all of the claims made in the Complaint fail to set forth a claim for which relief may be granted.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

140. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period contained in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255(a), or any similar state labor law, such claims of Plaintiff is barred.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

141. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §§ 258 and 259.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

142. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"), Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or the provisions of NYLL § 198.

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

143. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that its actions did not violate the FLSA or NYLL, and

Defendants assert a lack of willfulness or intent to violate the FLSA or NYLL as a defense to any claim by Plaintiff for liquidated damages.

### AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

144. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provided for in 29 U.S.C. §§ 207, 213, and its state law equivalents.

### AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

145. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.

### AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

146. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in the Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

### AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

147. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.

## AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

148. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## AS AND FOR DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

149. Plaintiff's NYLL claims are barred in whole or in part, to the extent Defendants are not covered by any Wage Order.

## AS AND FOR DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

150. Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL Claims.

## AS AND FOR DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

151. Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed to be due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

## AS AND FOR DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

152. Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims.

## AS AND FOR DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

153. The individual Defendant named in this action was not Plaintiff's employer within the meaning of the FLSA or NYLL.

## AS AND FOR DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

154. To the extent that discovery reveals that Plaintiff falsely reported his hours, and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

## AS AND FOR DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

155. To the extent that Defendants are or was neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

## AS AND FOR DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

156. Plaintiff's Complaint is deficient and must be dismissed to the extent Plaintiff has failed to fulfill jurisdictional or statutory prerequisites to suit.

## AS AND FOR DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE

157. The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged and/or abandoned.

## AS AND FOR DEFENDANTS' TWENTIETH AFFIRMATIVE DEFENSE

158. Plaintiff's alleged injury was not proximately caused by an unlawful custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### AS AND FOR DEFENDANTS' TWENTY-FIRST AFFIRMATIVE DEFENSE

159. Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

### AS AND FOR DEFENDANTS' TWENTY-SECOND AFFIRMATIVE DEFENSE

160. Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for them, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiffs are appropriately limited thereby.

### AS AND FOR DEFENDANTS' TWENTY-THIRD AFFIRMATIVE DEFENSE

161. Plaintiff was properly paid for all hours worked.

### AS AND FOR DEFENDANTS' TWENTY-FOURTH AFFIRMATIVE DEFENSE

162. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(2), such changes in pay were reflected in the wage statements provided pursuant to NYLL § 195(3).

### AS AND FOR DEFENDANTS' TWENTY-FIFTH AFFIRMATIVE DEFENSE

163. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) and/or wage statements required by NYLL § 195(3), Plaintiff is not entitled to any damages as Defendants made complete and timely payment of all wages due pursuant to the NYLL.

### AS AND FOR DEFENDANTS' TWENTY-SIXTH AFFIRMATIVE DEFENSE

164. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) Plaintiff is not entitled to any damages as Defendants believed in good faith that

they were not required to provide Plaintiff with notice pursuant to NYLL § 195(1). This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR DEFENDANTS' TWENTY-SEVENTH AFFIRMATIVE DEFENSE

165. Plaintiff has failed to exhaust any and all administrative or contractual remedies and/or conditions precedent which he was required to avail himself.

### AS AND FOR DEFENDANTS' TWENTY-EIGHTH AFFIRMATIVE DEFENSE

166. Insofar as Plaintiff purports to allege a claim or claims for physical or mental emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

### AS AND FOR DEFENDANTS' TWENTY-NINTH AFFIRMATIVE DEFENSE

167. Plaintiff's employer exercised reasonable care to prevent and promptly correct any purportedly discriminatory behavior in its workplace, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Plaintiff's employer or to otherwise avoid harm.

### AS AND FOR DEFENDANTS' THIRTIETH AFFIRMATIVE DEFENSE

168. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

### AS AND FOR DEFENDANTS' THIRTY-FIRST AFFIRMATIVE DEFENSE

169. Plaintiff has not alleged and cannot prove facts which would entitle him to punitive damages.

## AS AND FOR DEFENDANTS' THIRTY-SECOND AFFIRMATIVE DEFENSE

170. Plaintiff failed to make a good faith and diligent effort to mitigate his purported damages and injuries, and therefore, any relief awarded to Plaintiff should be reduced.

## AS AND FOR DEFENDANTS' THIRTY-THIRD AFFIRMATIVE DEFENSE

171. If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage or loss.

## AS AND FOR DEFENDANTS' THIRTY-FOURTH AFFIRMATIVE DEFENSE

172. All actions of Defendants' with respect to Plaintiff were taken for legitimate, good-faith business reasons and without any discriminatory or improper motive whatsoever. The conduct complained of by Plaintiff was job-related and consistent with reasonable business necessity.

WHEREFORE, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded its reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       May 18, 2018

                              KAUFMAN DOLOWICH & VOLUCK, LLP
                              *Attorneys for Defendants*
                              IMPERIAL COMMERCIAL CLEANING, INC.,
                              DAVID FELDMAN, JEFFREY KRINICK,
                              TOBIAS SILVA, JORGE GARCIA, and JAIRO
                              VELASQUEZ

                              By: _____
                              Keith Gutstein, Esq.
                              Erika Rosenblum, Esq.
                              135 Crossways Park Drive, Suite 201
                              Woodbury, New York 11797
                              T: (516) 681-1100
                              F: (516) 681-1101
                              E:  KGutstein@kdvlaw.com
                              E:  ERosenblum@kdvlaw.com

TO:

Sang J. Sim, Esq.
Park & Sim Global Law Group, LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
T: (718) 445-1300
F: (718) 445-8616
E: petersimesq@yahoo.com

4840-7113-8150, v. 1